IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
__MACON__ DIVISION

QUESTIONNAIRE FOR PRISONERS PROCEEDING
PRO SE UNDER 42 U.S.C.§ 1983

MARVIN TURNER
#764043

(GIVE FULL NAME AND PRISON NUMBER OF EACH PLAINTIFF)

Plaintiff(s)

vs.

Gregory McLaughlin; Domenico
De Mundo; Iesha Williams; Reginald
Lewis; and Jeffery Mosley

(NAME OF EACH DEFENDANT)

Defendant(s)

CIVIL ACTION NO: **5:13-CV-464**

- Jury Demanded -

- Defendants are being sued in their Individual Capacities -

## I. GENERAL INFORMATION

1. Your full name and prison number(s): MARVIN TURNER gdc #764043
2. Name and location of prison where you are now confined: MACON STATE PRISON J-1 CELL BLOCK, CELL #113, Administrative Segregation
3. Sentence you are now serving (how long?): LIFE w/out PAROLE plus 15 yrs
   (a) What were you convicted of? MALICE MURDER, FALSE IMPRISONMENT, POSS. OF A FIREARM during the commission of A CRIME
   (b) Name and location of court which imposed sentence: THE SUPERIOR COURT OF ROCKDALE COUNTY
   (c) When was sentence imposed? 1996
   (d) Did you appeal your sentence and/or conviction? ☒ Yes ☐ No
   (e) What was the result of your appeal? UPHELD
   (f) Approximate date your sentence will be completed: N/A

## II. PREVIOUS LAWSUITS

4. Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit or otherwise related to your imprisonment?   ☒ Yes   ☐ No

5. If your answer to question 4 is "Yes," list that lawsuit below, giving the following information:

(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH.)

(a) Parties to the previous lawsuit: SEE ATTACHMENT PAGE #1, CONT.

Plaintiff(s): MARVIN TURNER

Defendant(s): STEVE UPTON, ET AL.

(b) Name of Court: 11TH DIST. COURT, MIDDLE DIST. OF GA. MACON DIVISION

(c) Docket Number: 5:10-CV-502   When did you file this lawsuit? DEC 2010

(d) Name of judge assigned to case: JUDGE TREADWELL

(e) Is this case still pending?   ☐ Yes   ☒ No

(f) If your answer to (e) is "No," when was it disposed of and what were the results?
(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?) IN THE PROCESS OF APPEALING

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Where are you now confined? J-1 CELLBLOCK, CELL #113, Administrative Segregation

(a) How long have you been at this institution? SIX (6) MONTHS

(b) Does this institution have a grievance procedure?   ☒ Yes   ☐ No

(c) If your answer to question 6(b) is "Yes," answer the following:

(1) Did you present your complaint(s) herein to the institution as a grievance?
   ☐ Yes   ☒ No

(2) What was the result? N/A

(d) If your answer to question 6(b) is "No," explain why not: Disciplinary Action(s) & Proceedings are NON-GRIEVABLE ISSUES ACCORDING TO GDC POLICY IIB05-0001

(e) What, if anything, have you done to bring your complaint(s) to the attention of prison officials? Give dates and places and the names of persons talked to: Filed disciplinary appeals & wrote a letter to McLaughlin on 7/29/13 stamped received 7/31/13

7. In what other institutions have you been confined? Give dates of entry and exit.

GDCP '95-'96; Hayes '96-'97; Ga. State Prison '97-'09; GDCP High Max '09-'11; Macon '11; Hancock '11; Ware '11-'12; and Telfair '12-13

## VI. PARTIES TO THIS LAWSUIT

8. List the name and address of each plaintiff in this lawsuit.

Marvin Turner
#764043
Macon State Prison
P.O. Box 426
Oglethorpe, Ga. 31068

9. List the full name, the official position, and the place of employment of each defendant in this lawsuit. (ATTACH ADDITIONAL PAGES IF NECESSARY)

Gregory McLaughlin, Warden
Domenico DeMundo, Adm. Lieutenant, Disciplinary Prosecutor & Hearing Officer
Iesha Williams, Correctional Officer I
Reginald Lewis, Sergeant
Jeffery Mosley, Correctional Officer II
All employed by Ga. Dept. of Corrs., Macon State Prison

## V. STATEMENT OF CLAIM

10. In the space hereafter provided, and on separate sheets of paper, if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court WHAT you contend happened to you, WHEN the incident(s) you complain about occurred, WHERE the incident(s) took place, HOW your constitutional rights were violated, and WHO violated them. Describe how each defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

Do not give any legal argument or cite any cases or statutes at this time; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments. KEEP IN MIND THAT RULE 8 OF THE *FEDERAL RULES OF CIVIL PROCEDURE* REQUIRES THAT PLEADINGS BE SIMPLE, CONCISE, AND DIRECT. If the court needs additional information from you, you will be notified.

## STATEMENT OF CLAIM (Continued)

Where did the incident you are complaining about occur? That is, at what institution or institutions? F-2 AND J-2 CELLBLOCKS, MACON STATE PRISON

When do you allege this incident took place? 6/26/13; 7/17/13; 7/24/13 AND 7/31/13

What happened?

SEE ATTACHMENT PG # 2

11. List the name and address of every person you believe was a witness to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened.
(USE ADDITIONAL SHEETS, IF NECESSARY)

MATTHEW MANGRUM gdc # 1077950 (THE ALLEGED VICTIM)

12. BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes.
(USE ADDITIONAL SHEETS, IF NECESSARY)

SEE ATTACHMENT PG # 3

13. You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you will be afforded an opportunity to respond thereto.

14. KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO DILIGENTLY PROSECUTE IT. That means you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case before you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT. IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE. If you fail to prosecute your case, it will be dismissed under Rule 41 of the *Federal Rules of Civil Procedure*.

Signed this 12TH day of DECEMBER, 2013.

_____
(Signature of Plaintiff)

## II. Previous Lawsuits

**5.**

A.) Parties to the previous lawsuits:

Plaintiff(s): Marvin Turner [in all the following lawsuits]

Defendant(s): 
1.) Don Jarriel, et al
2.) Don Jarriel, et al
3.) Don Jarriel, et al
4.) John Anderson
5.) Hilton Hall
6.) Hilton Hall
7.) Don Jarriel

B.) Name of the Court [In relation to current order of question 5(A)]:
1) 11th Dist. Court, Southern Dist. Statesboro Division
2) " same as above "
3) " same as above "
4) 11th Dist. Court, Southern Dist. Brunswick Division
5) 11th Dist. Court, Southern Dist. Statesboro Division
6) 11th Dist. Court, Northern Dist.
7) Superior Court of Tattnall Co. / Ga. Court of Appeals

C.) Docket Number(s): [In relation to current order of previous questions]
1) 6:11-CV-098    2011        7.) unknown
2) 6:12-CV-016    2012
3) 6:12-CV-030    2012
4) 5:12-CV-056    2012
5) CV699-116      1999
6) 1:99 CV 2749   1997-1999

D.) Name of Judge assigned to case: [same order as above]
1.) Edenfield
2) " same as above "
3.) " same as above "
4.) unknown
5.) unknown
6.) unknown
7.) unknown

e) Is this case still pending:
  1.) No
  2.) No
  3.) No
  4.) No
  5.) No
  6.) No
  7.) No

f.) If your answer to (e) is "No" when was it disposed of and what were the results?
  1.) 2012 or 2013, dismissed based on Res Judicata, did not appeal
  2.) dismissed case was assign to case # 6:12-CV-030
  3.) 2012 or 2013, dismissed based on Res Judicata did not appeal
  4.) 2012 or 2013, involuntarily dismissed for failure to prosecute
  5.) dismissed, failure to exhaust administrative remedies
  6.) Relief not granted, appeal decision
  7.) dismissed, appeal decision, involuntarily dismissed

## -Statement Of Claim(s)-

**Factual Allegations:**
I. Denial Of Due Process (Procedural) of Law and Equal Protection (State-Created Liberty Interest(s))

1.

On 6/26/13, at approx. 10:35 pm, Plaintiff was taken F-2 cellblock and placed in J-2 cellblock's shower stall and locked in shower stall for 13 hrs, for alledgedly stabbing prisoner Matthew Mangrum.

2.

On 6/27/13, at approx. 8:00 am, Plaintiff expressed to Lt. Eaddie, while still in shower stall, that he was not involved in stabbing no one and to check the F-2 cellblock's cameras recorded video evidence.

3.

Plaintiff expressed to Dep. Warden of Security Don Blakely and Unit Manager Bobbit, on numerous occassions, while during their daily inspections, about being wrongfully accused of stabbing Matthew Mangrum, and asked of them to review F-2 cellblock's cameras recorded video evidence. They alleged they would review it, but never did.

4.

On an unknown date and time, the Disciplinary Investigator Iesha Williams came to the cell #240, where I was being warehoused in J-2, and asked the Plaintiff a series of questions "1.) Did he want to give a statement; 2.) Do he have any witnesses; and 3.) Do he want an Advocate."

5.

Plaintiff responded to those questions by stating "1.) He did not recieve a copy of the disciplinary report (D.R.). 2.) He did not stab Matthew Mangrum; 3.) His witnesses were the individuals involved in the incident and couldn't name names because names were unknown to him. And, because he did not know them personally, he was only in the F-2 cellblock one day; 4.) F-2 cellblock's cameras video evidence will exonerate him of any wrongdoings; and 4.) He wanted an advocate for representation at the disciplinary hearing.

1.

6.

Plaintiff wrote on the "Request For Advocate Form", "Witnesses individuals involved in incident" and "See Video Evidence 6/26/13 [for alleged incident that occurred in F-2] and 6/27/13 [for non-servance of D.R. in J-2 cellblock]", which is used to list witnesses requested, also.

7.

On an unknown date and time, the Prisoner's Advocate Reginald Lewis, came to the cell #240, where I was being warehoused, and the Plaintiff told him, what he told the Disciplinary Investigator, and that he needed for him to acquire the video evidence.

8.

On 7/23/13 Plaintiff had a fraudulent disciplinary hearing where Defendant DeMundo acted in the capacities of the Disciplinary Prosecutor and Disciplinary Hearing Officer (D.H.O.), adverse to GDC's S.O.P. policy IIB02-0001 "Inmate Discipline", sect. VI. Proc. §D.

9.

While the fraudulent hearing was occurring Defendant DeMundo revealed to the Plaintiff, that the Disciplinary Investigator [Def. Williams] listed the Plaintiff as having no witnesses requested, and did not log, or acquire the physical evidence (video).

10.

Plaintiff expressed to Defendant DeMundo, "he had not received a D.R. and his witnesses and evidence, where stated on the "Request For Advocate Form". And, the Disciplinary Investigator [Def. Williams] failed to do her required duties, per policy S.O.P. IIB02-0001 "Inmate Discipline", sect VI. Proc. §G(1)(c)(3) and (4)(5) and (6)," showing him the policy he had on hand.

11.

Then, the Plaintiff turned to the Prisoner's Advocate [Def. Lewis] and expressed to him what were his required duties at this farce hearing and if he plan on saying and doing his duties per policy? Defendant Lewis just looked at the Plaintiff with no response and went the entire fraudulent hearing without saying a word.

12.

Plaintiff asked Defendant Lewis (Prisoner's Advocate) did he acquire the requested video evidence? He remained silent, and then looked away from the Plaintiff.

2.

13.
Defendant Lewis' actions, or the lack thereof, were adverse to S.O.P. IIB02-0001 "Inmate Discipline" sect. VI. Proc. § B(6)(b)(d)(e)(f) and (g).

14.
Based on the Reporting Official [Def. Mosley] alleged factual statement on the disciplinary report which stated, "On the above date and time, I officer Mosley observed Inmate Turner Marvin with a weapon in his striking Inmate Mangrum, Matthew in the upper body with a sharpened metal rod. End of Statement.", the Plaintiff was found guilty of "Stabbing and Possession Of A Weapon" and sanctioned.

15.
Plaintiff later found out that atleast four (4) other prisoners was charged and written the exact same disciplinary report, and that the victim Matthew Mangrum received only one stab wound.

16.
On 7/25/13, Plaintiff submitted his disciplinary appeal to the warden [Def. McLaughlin] addressing the following "Procedural and Prejudicial Errors with the Submission of New Evidence":
a.) Disciplinary Report was not served to Plaintiff;
b.) Disciplinary Investigator failed to investigate to acquire names and statements;
c.) Disciplinary Investigator failed to verify and report "Physical Evidence";
d.) Advocate failed to assist Plaintiff in assembling relevant material;
e.) Advocate failed to advise warden of procedural errors by D.H.O;
f.) Disciplinary Prosecutor acting in the capacity of D.H.O; and
g.) Statement from victim Matthew Mangrum.

17.
On 7/29/13, Plaintiff wrote the warden [Def. McLaughlin] in reference to an unlawful sanction he issued, that was adverse to policy, expressing, wrongdoings by his staff and asking him to review the video evidence of Plaintiff wrongful accusal of stabbing Matthew Mangrum.

18.
On 7/31/13, Defendant McLaughlin wrongfully denied Plaintiff's disciplinary appeal, adverse to policy S.O.P. IIB02-0001 "Inmate Discipline"

**19.**

On 8/5/13 Plaintiff appealed Defendant McLaughlin's denial to the GaDC's Office of Investigation and Compliance... appeal was also denied, adverse to policy.

## — Claim(s) For Relief —

**20.**

The actions of Defendant Williams' in her wilful denial to investigate, procure witnesses' statements and names and video evidence, in the prison's control, as requested by Plaintiff, constituted deliberate indifference and a denial of a "State-Created Liberty Interest of [Procedural] Due Process of Law" and [Procedural] Due Process of Law and Equal Protection in violation of the Fourteenth (14th) Amend. to the Federal Const. and Article I; Paragraphs I, II and VII of the Ga. Const., Plaintiff's rights

**21.**

The actions of Defendant Lewis', in his wilful denial to do his required duties as a Prisoner's Advocate of: 1.) Answering prisoner's questions regarding the due process and procedural aspects of disciplinary hearing; 2.) Present questions to the D.H.O.; 3.) Assist prisoner in obtaining relevant material/evidence; and 4.) Advising the warden of procedural errors, constituted deliberate indifference and a denial of a "State-Created Liberty Interest of [Procedural] Due Process of Law" and [Procedural] Due Process of Law and Equal Protection in violation of the Fourteenth (14th) Amend. to the Federal Const. and Article I; Paragraphs I, II and VII of the Ga. Const. Plaintiff's rights

**22.**

The actions of Defendant DeMundo's in his wilful denial to do his required duties where wrongful acted in the dual official capacities of Disciplinary Prosecutor and Disciplinary Hearing Officer (D.H.O.) found the Plaintiff guilty of disciplinary charges, with no supporting evidence to [Def. Mosley] statement; and failed to provide the Plaintiff a written statement setting forth the D.H.O.'s findings of fact, constituted deliberate indifference and a denial of a "State-Created Liberty Interest of [Procedural] Due Process of Law" and [Procedural] Due Process of Law and Equal Protection in violation of the Fourteenth (14th) Amend. to the Federal Const. and Article I; Paragraphs I, II and VII of the Ga. Const. Plaintiff's rights

23.

The actions of Defendant McLaughlin's in his wilful denial to overturn Plaintiff's wrongful disciplinary conviction, despite his knowledge of the due process (procedural errors) violations and the submission of new evidence, constituted deliberate indifference and a denial of a "State-Created Liberty Interest of [Procedural] Due Process of Law" and [Procedural] Due Process of Law and Equal Protection of the Fourteenth (14th) to the Federal Const. and Article I; Paragraphs I, II and VII of the Ga. Const., Plaintiff's rights

24.

The actions of Defendant Mosley's in his wilfully falsifying the disciplinary report and failure to provide the Plaintiff written notice of charges, constituted deliberate indifference and a denial of a "State-Created Liberty Interest of [Procedural] Due Process of Law" and [Procedural] Due Process of Law and Equal Protection, in violation of the Fourteenth (14th) Amend. to the Federal Const. and Article I; Paragraphs I, II and VII Ga Const., Plaintiff's rights

## - Relief Requested -

1.) Declaratory Judgment declaring the acts and omissions described herein violated Plaintiff's rights under the Constitutions and the laws of the United States of America and State of Georgia;

2.) Permanent Injunction, ordering the GDC to expunge disciplinary charges and conviction from Plaintiff's prisoner file. And, ordering the GDC to remove Plaintiff from Administrative Segregation Tier II Program, which unlawful disciplinary charges and conviction caused his placement;

3.) Nominal Damages;

4.) Punitive Damages against the Defendants for their deliberate indifference and wilful denial of Plaintiff's Federal Const. rights;
   A.) Punitive Damages in amount of $180,000 severally; or
   B.) Punitive Damages in amount of $360,000 jointly;

5.) Order Defendants to bear all taxes associated to awarded damages;

6.) Award Plaintiff the cost(s) of this lawsuit and any other accrued cost(s);

7.) Jury Trial; and

8.) Order such relief as this Court deemed to be just and proper.

## - Declaration Of Verification Under Penalty Of Perjury -

I have hereby read the foregoing complaint and hereby verify that the factual matters alleged and stated therein are true and correct except as to the matters alleged on information and belief and as to those I believe to be true. I certify and declare under the penalty of perjury that the foregoing statements and complaint are true and correct.

Executed at Macon State Prison this 12th day of December, 2013.

_____
Plaintiff Pro Se,
Mr. Marvin Turner

1.